905 F.2d 1531
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
John SHAW, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR; Cementation Company
of America, Respondents.
 No. 88-2121.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 12, 1989.
Decided May 8, 1990.
 
 On Petition for Review of an Order of the Benefits Review Board. (CA-85-1521 BLA)
 John Shaw, petitioner pro se.
 Michael John Denney, Elizabeth Hopkins, Eileen Mary McCarthy, United States Department of Labor, William Henry Howe, Diann K. Austin, Loomis, Owen, Fellman & Howe, Washington, D.C., for respondents.
 Ben.Rev.Bd.
 DISMISSED.
 Before K.K. HALL, PHILLIPS and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Pro se petitioner John Shaw seeks judicial review of a decision and order of the Benefits Review Board (BRB, or the Board) affirming an Administrative Law Judge's (ALJ) denial of his application for benefits available under the Black Lung Benefits Act, as amended, 30 U.S.C. Secs. 901 et seq. Respondent has moved to dismiss Shaw's petition for review for want of jurisdiction. Respondent's position is that the petition was filed outside the 60-day period provided by 33 U.S.C. Sec. 921(c) for seeking judicial review of BRB decisions, thus depriving this Court of subject matter jurisdiction. We grant respondent's motion to dismiss.
 
 
 2
 Petitions for review of BRB orders are governed by 13 U.S.C. Sec. 921(c), which provides, in pertinent part, that:
 
 
 3
 Any person adversely affected or aggrieved by a final order of the Board may obtain review of that order in the United States court of appeals for the circuit in which the injury occurred, by filing in such court within sixty days following the issuance of such Board order a written petition praying that the order be modified or set aside.
 
 
 4
 We recently considered this statute in another case involving an untimely-filed petition for review and held that it "is a jurisdictional and not a venue provision.... [I]f the filing in the circuit court is late, there is no jurisdiction to review the decision of the board." Adkins v. Director, Office of Workers Compensation Programs, --- F.2d ----, No. 88-2079 (4th Cir. Nov. 24, 1989), slip op. at 3, 4. We conclude that Adkins governs the instant petition for review.
 
 
 5
 The Benefits Review Board issued its decision and order affirming the ALJ's denial of Shaw's benefits application on October 20, 1987; hence, petitioner had through December 19, 1987, to file with a circuit court his petition for review of the Board's order.
 
 
 6
 Contrary to the clear requirements of 33 U.S.C. Sec. 921(c), on December 13, 1987, petitioner sent to the Benefits Review Board--vice a circuit court--a letter objecting to the denial of his application for survivors' benefits; the Board construed the letter as petitioner's "written petition praying that the order be modified or set aside" and filed the document on January 11, 1988. By letter dated May 26, 1988, the Board notified petitioner that it had treated his correspondence as a petition for review and suggested that he file it with a circuit court. Of course, by that date, far more than 60 days had elapsed since the Board issued its final order. On June 28, 1988--eight months after the Board filed its final order--the Clerk of this Court received from petitioner a letter dated June 21, 1988, which the Clerk treated as a petition for review, thus commencing this case.
 
 
 7
 Our review of the record and parties' briefs clearly discloses that petitioner failed to file a timely petition protecting his rights to judicial review, as required by Sec. 921(c), and that our decision in Adkins is dispositive of this case. Thus, the Court lacks subject matter jurisdiction to consider the merits of Shaw's petition. Accordingly, we grant respondent's motion to dismiss the petition for want of subject matter jurisdiction. We find that the dispositive issue has been recently authoritatively decided, that the facts and legal arguments are adequately presented in the parties' briefs and the record, and that the decisional process would not be significantly aided by oral argument. Accordingly, we dispense with argument. Fed.R.App.P. 34(a)(2) and (3); Loc.R. 34(a).
 
 
 8
 DISMISSED.